Submitted January 8, convictions on Counts 4 and 5 vacated and remanded with instructions to determine whether those counts merge in light of ORS 161.067(2), and for resentencing; otherwise affirmed February 24, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

HARLAN EARL BROWN,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR1301939; A157702

368 P3d 79

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David O. Ferry, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Tookey, Judge, and DeHoog, Judge.

SERCOMBE, P. J.

## SERCOMBE, P. J.

In this criminal case, following a bench trial, defendant was found guilty of two counts of second-degree burglary, ORS 164.215, and three counts of first-degree theft, ORS 164.055. One of the burglary counts and two of the theft counts related to defendant's burglary of Willamette Valley Books and Bullion, a shop in Oregon City. During the burglary, defendant stole a safe from the shop; the safe contained a gun belonging to the business's owner, as well as other items, such as jewelry and coins, that people had brought into the business to sell on consignment. Defendant was charged with one count of first-degree theft, Count 4, related to the theft of the gun. *See* ORS 164.055(1)(d). A second first-degree theft charge, Count 5, related to the theft of jewelry and coins worth $1,000 or more. *See* ORS 164.055(1)(a). At sentencing, defendant argued that the guilty verdicts on those two theft charges—Counts 4 and 5—should merge. However, the trial court concluded that it was appropriate to enter separate convictions on those charges, stating that there "is a qualitative difference between thefts of safe, coins and jewelry [and] the theft of a firearm." In other words, the court concluded that ORS 161.067(1) precluded merger.

On appeal, defendant asserts that the trial court erred in failing to merge the guilty verdicts on Counts 4 and 5 into a single conviction. In support of his contention, defendant cites *State v. Slatton*, 268 Or App 556, 558, 343 P3d 253 (2015), in which we held that ORS 161.067(1)[1] did not preclude merger of two guilty verdicts for first-degree theft, one based on theft of property worth more than $1,000 and the other based on theft of a firearm. In that case, we stated that first-degree theft is a single statutory provision, and "the alternative ways to commit the crime set out in ORS 164.055(1)(a) and (d)" are not "separate statutory provisions for merger purposes." *Id.* at 576. Likewise, here, defendant asserts that Counts 4 and 5 are not separate statutory provisions for purposes of ORS 161.067(1).

---

[1] Pursuant to ORS 161.067(1),

"[w]hen the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

The state, for its part, concedes that, in light of *Slatton*, ORS 161.067(1) does not preclude merger of Counts 4 and 5, and that the trial court erred in declining to merge based on the "qualitative difference" between the firearm and the other items stolen. However, the state contends that "the trial court had an alternative lawful basis to reject defendant's merger argument—the theft counts involved different victims." In the state's view, "[g]iven the existence of different victims of the separately charged theft counts, merger is precluded" under ORS 161.067(2).[2] For that reason, the state asserts, we should remand for resentencing "*without* instructions to merge Counts 4 and 5 so that the trial court may determine whether merger is precluded under ORS 161.067(2)." (Emphasis in original.) We agree with the state that that disposition is appropriate in this case.

With respect to Count 4, the indictment alleged that defendant stole a firearm that was the property of the owner of the shop. As to Count 5, the indictment alleged that defendant stole the property of the business owner and of "Willamette Valley Books." At trial, the state presented testimony from the business shop owner that the safe defendant stole contained "a gun, consignment ring, and some coins, not a lot of coins but some of our consignment coins, tokens." Although the business owner specifically testified that he owned the gun, he did not specifically testify as to who owned the other items in the safe. However, he described some of the items in the safe as being "consignment" items. He also noted that a "nice selection of tokens" had come from "Bill," who was "a good consignor."

The trial court erroneously entered multiple convictions on Counts 4 and 5 based on its understanding that ORS 161.067(1) precluded merger. Thus, it did not consider

---

[2] Under ORS 161.067(2),

"[w]hen the same conduct or criminal episode, though violating only one statutory provision involves two or more victims, there are as many separately punishable offenses as there are victims. However, two or more persons owning joint interests in real or personal property shall be considered a single victim for purposes of determining the number of separately punishable offenses if the property is the subject of one of the following crimes:

"(a) Theft as defined in ORS 164.015."

the question whether ORS 161.067(2) prevented merger of those counts. Under the circumstances, the determination of whether Counts 4 and 5 related to multiple victims is "within the trial court's factfinding competence." *State v. Reeves*, 250 Or App 294, 312, 280 P3d 994, *rev den*, 352 Or 565 (2012). As in *Reeves*, given the potential applicability of ORS 161.067(2), we conclude that it is appropriate to vacate the convictions on Counts 4 and 5 and remand the case to the trial court to determine whether ORS 161.067(2) applies. 250 Or App at 312 (vacating and remanding counts of child sexual abuse for the court to determine whether ORS 161.067(2) precluded merger); *see also State v. Stanton*, 266 Or App 374, 337 P3d 955 (2014) (vacating and remanding for the trial court to address whether the defendant's guilty verdicts should merge).

Convictions on Counts 4 and 5 vacated and remanded with instructions to determine whether those counts merge in light of ORS 161.067(2), and for resentencing; otherwise affirmed.